Marcus Gr. Christ, J.
Motion to dismiss the complaint pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice.
The action is for specific performance of a contract for the sale of real property. The alleged written agreement (a binder) was signed by Vincent Vicchiolla, the husband of the defendant, and he is named therein as the seller. Therefore, the defendant contends that the agreement is unenforcible under section 259 of the Real Property Law as she, the owner, neither signed the agreement nor was her husband authorized in writing to sign the agreement for her. However, the agent who negotiated the deal and represented the purchaser avers facts in an opposing affidavit to show that the defendant solicited the negotiations, was present when her husband signed the memorandum, stated that her husband represented her and thereafter he received from her attorney a proposed formal contract of sale naming the defendant as seller. If his averments are established it may be that the defendant will be estopped from using the Statute of Frauds as a defense. The factual situation would be similar to that contained in Joehl v. Tricarico (271 App. Div. 898). There, the writing was signed only by the husband as seller. There, as here, the wife was present when the husband signed the memorandum and accepted the deposit. The husband in the Joehl case, as here, was not authorized in writing to represent his wife. The Appellate Division of the Second Department held (p. 898) that on those facts summary judgment should not be granted in favor of the defendant as a question of fact was present “as to whether defendant, by her conduct, estopped herself from denying her husband’s authority, or from invoking the aid of the Statute of Frauds.”
Accordingly, the motion is denied. The defendant may set up the Statute of Frauds as a defense in her answer, and the plaintiff in his reply plead the ultimate facts showing an estoppel.
Settle order on notice.